IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL CHARLES KIRSCH, § | |
| TDCJ-CID No. 384257, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-07-524 |
| § | (U.S. Magistrate Judge Frances H. Stacy) |
| NATHANIEL QUARTERMAN, § | |
| DIRECTOR, TEXAS DEPARTMENT § | |
| OF CRIMINAL JUSTICE, § | |
| CORRECTIONAL INSTITUTION § | |
| DIVISION, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Pending is Respondent Quarterman's Motion for Summary Judgment with Brief in Support (Document No. 31), in which Respondent argues that Petitioner's claims should be dismissed in toto as barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations, dismissed on the merits under 28. U.S.C. § 2254(d), or dismissed with prejudice as unexhausted. Having considered the motion, Petitioner Kirsch's Motion for Summary Judgment with Brief in Support (Document No. 32), the claims raised by the Petitioner, the state court records, and the applicable law, the Court ORDERS,[1] for the reasons set forth below, that Respondent's Motion for Summary Judgment is GRANTED, and this § 2254 proceeding is DISMISSED in part as time-barred under 28 U.S.C. § 2254(d) and

---

[1] On February 12, 2007, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 5.

1

DISMISSED in part on the merits.

I.      **Procedural History**

Michael Charles Kirsch ("Kirsch") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-ID"). On February 13, 1991, Kirsch pled guilty to the second degree felony offense of forgery in the 19th District Court of Harris County, Cause No. 576292, and was sentenced to 16 years of imprisonment. Kirsch also pled guilty to three robbery convictions and one conviction for unauthorized use of a vehicle in the 262nd District Court of Harris County, Cause Nos. 403370, 404758, 403369, and 672808, respectively, and on September 14, 1984 he was sentenced to 22 years of imprisonment for each robbery conviction and 10 years imprisonment for unauthorized use of a vehicle, with all of the sentences to run concurrently. On January 13, 2000, Kirsch pled guilty to possession of cocaine in the 174th District Court of Harris County, Cause No. 824566, and was sentenced to eight years of imprisonment.  Finally, Kirsch pled guilty to committing the state jail felony offense of "theft-third offender" in the 339th District Court of Harris County, and on January 5, 2006 was sentenced to 180 days in the state jail division of TDCJ.  Kirsch is not directly challenging any of the convictions before the court in this §2254 proceeding. Rather, he challenges the revocation of his mandatory supervision release from February 17, 2008, to April 17, 2009 and the manner in which his sentence is now being calculated.

Kirsch filed three state applications for writ of habeas corpus. On July 14, 2000, Kirsch filed a state application for writ of habeas corpus, in which he challenged his conviction for possession of cocaine. *Ex parte Kirsch,* App. No. 49,329-01 at 2. On June 20, 2001, the Texas

Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. On July 10, 2006, Kirsch filed a second state writ challenging his conviction for theft as "theft-third offender" and the attendant revocation of his previously imposed term of parole. *Ex parte Kirsch*, App. No. 49,329-02 at 2. On December 20, 2006, the Texas Court of Criminal Appeals dismissed the application because on June 28, 2006, Kirsch had discharged his sentence. *Ex parte Kirsch*, -02, at cover, 56 (Affidavit of Terry Laske).

On January 31, 2007, Kirsch filed a state application for writ of habeas corpus challenging the Texas Department of Criminal Justice's calculation of his sentence. The Texas Court of Criminal Appeals denied the writ without a hearing on March 28, 2007, based on the findings of the trial court. On or about January 18, 2007, Kirsch filed this § 2254 federal application for writ of habeas corpus. The respondent has filed a Motion for Summary Judgment, arguing that Kirsch's challenge to the calculation of his sentence has no merit and that he is not entitled to relief under the federal habeas corpus statutes. Kirsch has filed a Motion for Summary Judgment and he seeks an evidentiary hearing in this matter. The parties' contentions are addressed below under the governing federal habeas corpus standard of review.

## II.   Discussion

In the Motion for Summary Judgment with Brief in Support, Respondent argues that any complaint Kirsch may have relative to the calculation of his sentence and subsequent denial of release to mandatory supervision are completely time-barred. In addition, Respondent maintains that Kirsch's claims that he is entitled to street time credit and that the TDCJ unjustly denied his work credits after revoking his parole, have no merit. Respondent further argues, in the

alternative, that Kirsch has failed to exhaust state court remedies, which renders his claims procedurally defaulted.

Respondent asserts that the petition for writ of habeas corpus is barred by the statute of limitations as embodied by the AEDPA. Indeed, federal habeas corpus petitions are subject to a one year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Kirsch does not challenge his underlying conviction, but instead the denial of his release to mandatory supervision. Respondent asserts that the date on which the factual predicate of Kirsch's claims could have been discovered through the exercise of due diligence was January 13, 2000–the date Kirsch was sentenced for possession of cocaine. *Ex parte Kirsch,* -01 at 102. Respondent argues that because Kirsch's prior convictions for felony robbery made him ineligible for mandatory-

supervision release on his conviction for possession of cocaine, the time during which he could have discovered, through the exercise of due diligence, that he was not eligible for mandatory-supervision release began on January 13, 2000, the date on which he was sentenced. Kirsch does not dispute this date. Accordingly, the one year limitations period began to run on January 13, 2000, and ended January 15, 2001.[2] On July 14, 2000, Kirsch did indeed file a state writ application challenging his conviction for possession of cocaine during the one year limitations period. *Ex parte Kirsch,* App. No. 49,329-01 at 2. On June 20, 2001, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. *Id.* Thus, the state writ was pending for 341 days. When added to the one year limitations period filing deadline of January 15, 2001, the new deadline for Kirsch to file a federal writ became Monday, December 24, 2001.[3] Thus, absent application of any tolling provision, Kirsch's federal petition relative to the results of his conviction for possession of cocaine and subsequent denial of release to mandatory supervision was due on or before December 24, 2001. This federal writ petition however, was filed on or about January 18, 2007, well after the limitations period had expired.

As for the merits of Kirsch's claims, which were adjudicated by the state courts on the merits, 28 U.S.C. § 2254(d) provides that relief is only available on such claims as follows:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

---

[2] January 13, 2001 fell on a Saturday, and Fed. R. Civ. Proc. 6(a) applies to the computations of the limitations period.

[3] 341 days makes the deadline fall on December 22, 2001. However, applying Federal Rule of Civil Procedure 6(a), excluding weekends and legal holidays, makes Kirsch's deadline December 24, 2001.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent,* 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)). A state court decision involves an "unreasonable application" of clearly established federal "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies the principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price,* 123 S. Ct. at 1853 (quoting *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1)(2000)." *Smith*

*v. Cockrell,* 311 F.3d 661, 667 (5th Cir. 2002), *cert. granted in part,* 124 S. Ct. 46 (2003).

Of utmost significance under § 2254(d) is the principle that once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative. In addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's application of our precedent is 'unreasonable,' the state court's decision must have been more than incorrect or erroneous...The state court's application must have been 'objectively unreasonable.'" (citations omitted).

Even under the liberal standard afforded *pro se* litigants, Kirsch falls far short of meeting this standard. In this instance, Kirsch contends that the Parole Board unjustly denied his February 17, 2008 release to mandatory supervision. Eligibility for mandatory supervision is governed by the "law in effect at the time the holding offense was committed." *Ex parte Thompson,* 173 S.W.3d 458, 458 (Tex. Crim. App. 2005). A constitutional expectancy of early release exists only in Texas' mandatory supervision scheme in place for crimes committed before September 1, 1996. TEX. GOV'T CODE ANN. § 508.149(b); *Malchi v. Thaler*, 211 F.3d 953, 957-59 (5th Cir.2000). According to the mandatory supervision statute in effect when Kirsch committed the underlying offense - possession

of cocaine -

> A prisoner may not be released to mandatory supervision...if the prisoner is serving a sentence for or has previously been convicted of a second degree felony....under section 29.02, Penal Code (Robbery).

TEX. GOV'T CODE ANN. § 508.149(a)(11) (West 1997). Since Kirsch was convicted of the felony offense of robbery on September 14, 1984, in violation of the Texas Penal Code 29.02 in Cause numbers 403370, 404758, and 4043369, he is not eligible for mandatory supervision. Were Kirsch serving a prison sentence for his robbery convictions only, he would indeed have a sound argument for mandatory supervision eligibility. However, the law in effect on September 26, 1999, the date Kirsch committed the offense of possession of cocaine, precluded a prisoner with a prior conviction of a second degree felony from being eligible for mandatory supervision. Thus, Kirsch is not eligible for mandatory supervision until he completes his sentence for possession of cocaine. Kirsch has not shown that he is eligible for mandatory supervised release and, under the law in effect at the time he committed the underlying offense in 1999, he appears to be ineligible based on his prior felony conviction(s). *See* Act of May 28,1989, 75th Leg., R.S., chap. 785, § 5.01, 1989 Tex. Gen. laws 3471, 3537.

While Kirsch challenges the state court's disposition on his state habeas petition, he has not shown that such court's determination of the claim is contrary to, or involves an unreasonable application of, clearly established federal law or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d).

Because Kirsch contends that he has arrived at his mandatory supervision release date, he also alleges that the TDCJ is unjustly barring his mandatory supervision eligibility by retroactively

8

applying House Bill 1433, and as a result, his sentence has increased in violation of the prohibition against *ex post facto* laws. However, since Kirsch is not eligible for mandatory supervision, he has not stated an *ex post facto* violation.

Article I, Section 10 of the United States Constitution provides in pertinent part that "[n]o State shall . . . pass any . . . ex post facto [l]aw." The Supreme Court has construed this to mean that States are prohibited from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981). Thus, the following two elements must be present for an ex post facto violation to occur: "(1) a law must be retrospective, that is, it must apply to events occurring before its enactment, and (2) the new law must create a sufficient risk of increasing the punishment attached to the defendant's crimes." *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citations and quotation omitted). Where a statute applies retroactively, the existence of an ex post facto violation depends on whether the statute constitutes additional criminal punishment for the crimes previously committed. *See Kansas v. Hendricks*, 521 U.S. 346, 371, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997).

Kirsch alleges that House Bill 1433 is being retroactively applied to him. House Bill 1433, which was passed in 1995, is the legislation that created discretionary mandatory supervision. The bill was originally codified as Article 42.18, § 8(c)(1) of the Texas Code of Criminal Procedure. It is now Section 508.149 of the Texas Government Code. The Bill amended article 42.18, section 8(c) of the Code of Criminal Procedure by limiting the eligibility of mandatory supervision: "A prisoner may not be released to mandatory supervision if the person is serving or has previously

served a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12 , of this code or if the prisoner is serving a sentence for or has previously been convicted of (11) a second degree felony under Section 29.02 (Penal Code) Robbery." *Id.*[4] However, because House Bill 1433, codified in Texas Government Code Section 508.149(1)(11), was in effect at the time Kirsch committed the offense of possession of cocaine on September 26, 1999, he fails to show a retrospective change to his detriment. Since Kirsch fails to show that his punishment was increased by retroactive application of House Bill 1433 by the TDCJ, Kirsch fails to establish a constitutional violation.

Additionally, Kirsch challenges the refusal of prison officials to restore previously earned street-time credit that was forfeited upon the revocation of his parole pursuant to § 508.283(b) of the Texas Government Code. Kirsch apparently contends that prison officials have wrongfully denied him this credit in violation of his right to due process. (Document No. 32). It appears from the record that this claim was rejected implicitly on state habeas corpus review, without any specific findings. For reasons set forth below, Kirsch fails to show that the state court's decision was incorrect or that he was entitled to street-time credit upon his most recent revocation of his parole.

According to Texas law, an inmate whose parole was revoked before September 1, 2001 was not entitled to credit against his sentence for the street time he had accumulated following the date of his release to the date of his revocation. *See* TEX. GOV'T CODE ANN. § 508.283(b) (Vernon 2004), formerly codified at TEX. CRIM. PROC. CODE art. 42.18, § 14(a). Therefore, under the statutory scheme in place prior to September 1, 2001, Texas inmates had no

---

[4]Now TEX. GOV'T CODE ANN. § 508.149(a)(1)

constitutionally protected liberty interest in retention of accumulated street-time credit. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5th Cir. 2001). Under the statute as amended, however, certain inmates whose parole was revoked on or after September 1, 2001, are entitled to some street-time credit upon their return to TDCJ. See TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 2004); *Ex parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004) (observing that § 508.283(c) of the Texas Government Code and its provision awarding street-time credit applies to revocations occurring on or after September 1, 2001).

The Fifth Circuit has acknowledged the possibility that the amended statutory scheme found at § 508.283(c) may have created a protected liberty interest in the retention of street-time credit by some prisoners whose parole was revoked after September 1, 2001. *See Whitley v. Dretke*, 111 Fed. Appx. 222, 223, 2004 WL 1895117 (5th Cir. 2004) (unpublished). Kirsch does not meet the amended requirements of § 508.283(c).

Before a Texas inmate can be entitled to restoration of street-time credit under the above-referenced amended statutory scheme, he must satisfy two conditions. Under the first condition, the inmate must (a) not be serving a sentence for and (b) must not previously have been convicted of a crime described in § 508.149(a) of the Texas Government Code, which lists a variety of aggravated offenses. See TEX. GOV'T CODE § 508.283(b). If an offender satisfies this first condition, then he may be entitled to some street-time credit if he satisfies a second condition, which depends in turn on the amount of time remaining on the inmate's sentence at the time that the revocation warrant is issued. See TEX. GOV'T CODE § 508.283(c); *Spann*, 132 S.W.3d at 393 & n.6. On September 14, 1984, Kirsch was convicted of the second degree felony of robbery under Section 29.02 of the Penal Code in Cause numbers 403370, 404758, and 403369. Such an

offense is included in the list of offenses described in § 508.149(a) of the Texas Government Code. Thus Kirsch is not entitled to street time credit and cannot show that he was deprived of these credits in violation of the Due Process Clause following the revocation of his parole.

Kirsch also contends that he is entitled to work time or good time credits. However, Texas prisoners have not had a protected right to accumulate good-time credit since 1977. *Hallmark v. Johnson,* 118 F.3d 1073, 1079 (5th Cir.) (citing TEX. CIV. STAT. ANN. art. 6181-1, § 4 (Vernon 1988)); see also TEX. GOV'T CODE ANN. § 498.003 (a) (Vernon 2004) ("Good conduct time is a privilege and not a right."). Neither the opportunity to earn good time credit nor the possible effect of the award or loss of good time credit on a parole decision creates a liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (*citing Meachum v. Fano*, 427 U.S. 215, 229 n. 8, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976)). Furthermore, because Kirsch is not eligible for release to mandatory supervision under Texas law, he has no cognizable claim in a § 2254 proceeding for loss of good time credits, administrative credits, or work time credits. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). The loss of such credits could only affect his possible eligibility for parole. The Fifth Circuit, however, has expressly held that there is no constitutional right to release on parole in the State of Texas. *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of such credits do not affect a constitutionally protected right, but only the "mere hope" of release on parole. Such hope is not protected by due process. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979); *Johnson v. Rodriguez,* 110 F.3d 299, 305 (5th Cir. 1997).

Moreover, even if this claim was not time-barred and Kirsch had presented a colorable

claim, Kirsch would not be entitled to federal habeas relief. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S. Ct. 1508, 75 L. Ed. 2d 937 (1983). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235, 111 S. Ct. 2862, 115 L. Ed. 2d 1029 (1991); *Bautista,* 793 F.2d at 110.

Although Respondent concedes that a portion of Kirsch's claims have been exhausted, Respondent contends that the rest of Kirsch's claims are unexhausted and procedurally barred. While Kirsch apparently filed a timely dispute resolution form on January 21, 2001, he has not shown that he raised the same claims in his 2001 dispute resolution form that he now raises in his federal writ. *Ex parte Kirsch,* -02 at 56. As a result, Kirsch has not shown that he has followed TDCJ-CID's dispute resolution procedure as required in regard to time credit claims *See* TEX. GOV'T CODE ANN. § 501.0081 (West 2006). Therefore, the Texas courts have not had an opportunity to rule on the merits of all of Kirsch's claims.

Moreover, the Texas Court of Criminal Appeals requires:

> All persons seeking time credit relief in an application filed pursuant to Art. 11.07, § 3, filed...on or after January 1, 2000, must show that a written decision has been obtained or that he is within 180 days of release according to current department records, or must allege that he sought resolution of his credit complaint more than 180 days before the application was filed.

*Ex parte Stokes,* 15 S.W.3d at 533 (citing TEX. GOV'T CODE ANN. § 501.0081).

In this instance, Kirsch does not include any documents reflecting that he received a written decision from the office of time credit resolution of TDCJ-CID. Therefore, the Texas Court of Criminal Appeals has never had an opportunity to consider this claim. *See Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (claim challenging denial of parole requires exhaustion of state remedies).

Finally, Kirsch has made mention of a need for an evidentiary hearing in this case. (Document No 32). Kirsch specifies that the need for discovery in reference to his claims relative to his entitlement to street time credit require an evidentiary hearing. The decision whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). Under this statute, if an applicant "failed to develop the factual basis of a claim in State court proceedings," then the federal habeas corpus court may hold an evidentiary hearing only if:

(A) the claim relies on –

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

Kirsch makes no mention of 28 U.S.C. § 2254(e)(2) in his Motion for Summary Judgment. (Document No. 32). Nor does he otherwise attempt to show that he is entitled to

an evidentiary hearing under this statute.

The decision whether to conduct an evidentiary hearing is committed to this Court's discretion. *See Michael Williams v. Taylor*, 529 U.S. 420, 436, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000) (stating that it was "Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings); *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100, 119 S. Ct. 1578, 143 L. Ed. 2d 673 (1999). An evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to assess the claims." *Robison,* 151 F.3d at 268. "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rule 8 of the Rules Governing Section 2254 Cases. This Court has been able to resolve all issues raised in this case by referring to the pleadings, the state court record, and thus Kirsch's request for an evidentiary hearing is denied.

### III.    Conclusion and Order

Based on the foregoing, and the conclusion that no relief is available on Kirsch's claim(s), it is

ORDERED that Respondent's Motion for Summary Judgment (Document No. 31) is GRANTED, Petitioner Michael Charles Kirsch's Federal Application for Writ of Habeas Corpus and Supplemental Application for Writ of Habeas Corpus (Document Nos. 1 & 25) are DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE in part as time-barred under 28 U.S.C. § 2254(d) and in part on the merits. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability

from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beasley v. Johnson,* 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 534 U.S. 945 (2001).

A district court may deny a certificate of appealability *sua sponte*, without further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Given the claim(s) raised herein as well as the rejection of the claim(s) by the Texas Court of Criminal Appeals, the Court determines that reasonable jurists would not find district court's assessment of the constitutional claims debatable or wrong. Therefore, Petitioner has not made a showing of he denial of a constitutional right, and a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 1st day of August, 2008

Frances H. Stacy
United States Magistrate Judge